# In the United States Court of Federal Claims

No. 20-87C

(Filed: March 9, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| SHAPAT NABAYA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE UNITED STATES,  )<br>  )<br>    Defendant.  )<br>  ) | Pro Se Complaint; <u>Sua Sponte</u> Dismissal for Want of Jurisdiction; RCFC 12(h)(3). |

## ORDER

The complaint of pro se plaintiff Shapat Nabaya, a prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas, is currently before the court. See ECF No. 1. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.    Background

On January 21, 2020, plaintiff filed a complaint for wrongful conviction and imprisonment seeking $50,000 "for each year of the unjust conviction and imprisonment." ECF No. 1 at 1. In his complaint, plaintiff alleges that "private citizens, without oaths and letters of appointment filed a defective indictment" against him leading to his imprisonment "on a defective warrant, sentence and indictment." Id. Plaintiff also attached a variety of documents to his complaint, including: (1) a "Criminal Complaint" captioned in the "Eastern District of Virginia"; (2) two of his own affidavits, also captioned in the "Eastern District of Virginia"; (3) a "Statement of Claim for Which Relief Can Be Granted" captioned in the "Eastern District of Virginia" alleging a claim for "false arrest, indictment, conviction, sentence and incarceration"; and (4) an exhibit, consisting of what appears to be the Department of Justice's response to plaintiff's

request under the Freedom of Information Act for records related to the appointment of various individuals as Assistant United States Attorneys. See id. at 3-8; ECF No. 1-1.

On February 26, 2020, the clerk's office received two submissions from plaintiff styled as "motion to compel attorney to file his declaration" and "motion to compel counsel to produce witness' statement of personal knowledge under Rule 602." Upon review, the clerk's office stated that there was no provision in the rules of this court for the filing of these items and referred the matter to the undersigned for a ruling.

II.     Legal Standards

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaints have been reviewed carefully to ascertain whether, given the most favorable reading, any of plaintiff's claims support jurisdiction in this court.

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

III.    Analysis

The claims presented in plaintiff's complaint are, by their nature, related to his conviction and imprisonment. He seeks money damages as compensation for his imprisonment. There are at least two impediments to this court's exercise of jurisdiction over plaintiff's claims. First, for such a claim to fall within the jurisdiction of this court, it must be founded on a conviction for a federal crime. See 28 U.S.C. § 1495 (2012). Second, the conviction for a federal crime must have been reversed or set aside. See 28 U.S.C. § 2513 (2012). Plaintiff alleges in his complaint that he has been unjustly convicted, but does not allege that his conviction has been reversed or set aside. See ECF No. 1 at 1. Without this necessary prerequisite to suit, an unjust conviction claim filed in this court must be dismissed for lack of jurisdiction. See, e.g., Salman v. United States, 69 Fed. Cl. 36, 39 (2005) (citations omitted).

Plaintiff's submissions, dated February 26, 2020, are meritless challenges to the parties' procedural ability to move forward.

IV.   Conclusion

For the reasons set forth above, the court does not possess subject matter jurisdiction over this suit and this case must be dismissed.

Accordingly, the clerk's office is directed to **RETURN** plaintiff's February 26, 2020 submissions, **UNFILED**, to plaintiff for the above stated defect. The clerk's office is further directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3). Finally, the clerk's office is directed to **REJECT** any future filings from plaintiff that are not in compliance with this court's rules.

IT IS SO ORDERED.

*Patricia Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge